UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME EVAN MALLET,<br><br>　　　Petitioner,<br><br>　　v.<br><br>DOMINGO URIBE,<br><br>　　　Respondent. | Case No.: 1:13-cv-00056-AWI–SAB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 15) |

　　　Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

　　　Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation.

　　　On April 14, 2009, Petitioner received a prison disciplinary violation for fighting. (Mot. Ex. 1, CDC-115, dated 4/14/09 [Rules Violation Report].)

　　　Petitioner challenged the violation through the administrative appeal process. The appeal was denied at the director's level on September 29, 2009.

///

///

1

On May 2, 2010, Petitioner filed a state petition for writ of habeas corpus in the Kern County Superior Court.[1]  The petition was denied on July 16, 2010.

On March 27, 2011, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District.[2]  The petition was denied on April 6, 2011.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court on May 11, 2011, which was summarily denied on January 11, 2012.

Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California on January 30, 2012, and the petition was transferred to this Court on January 9, 2013.

In the instant petition, Petitioner contends that prison staff violated his due process rights at a 2009 prison disciplinary hearing by finding him guilty of fighting, denying him the opportunity to present testimony of a witness, and assessing a ninety-day credit forfeiture.  Petitioner further contends that retention of the rules violation in his central file subjects him to "aggregated consequences" from the Board of Parole Hearings.

On March 25, 2013, Respondent filed a motion to dismiss the petition as untimely, as moot, and for failure to state a cognizable claim for relief.  Petitioner filed an opposition on April 29, 2013.

## II.

## DISCUSSION

### A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.

---

[1] Unless otherwise indicated, all filing dates reflect application of the mailbox rule, which deems a pro se inmate's habeas petition filed when he hands it over to prison authorities for mailing to the relevant court.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases ("[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing); see also Houston v. Lack, 487 U.S. 266 (1988) (deeming a pro se prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).

[2] Between filing the petition in the Kern County Superior Court and the California Court of Appeal, Fifth Appellate District, Petitioner also filed a petition in California Court of Appeal, Sixth Appellate District.  The petition was denied without prejudice to refiling in the proper county.  (Ex. 7, to Motion.)

Respondents may file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. § 2244(d)(1)'s one-year limitations period. Accordingly, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4 of the Rules Governing Section 2254 Cases.

**B.     Statute of Limitations**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 19197) (en banc). The instant petition was filed on January 30, 2012, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

///

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was found guilty of the fight on April 30, 2009, and ninety-days of credit were forfeited, but later restored on December 2, 2009. Petitioner's administrative level review was denied at the final level of review on September 29, 2009. Therefore, the limitations period commenced the following day, September 30, 2009, as that is the earliest date Petitioner could have discovered the factual basis for his claim, and absent tolling, the petition was due on or before September 29, 2010. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). Petitioner did not file the instant petition until January 30, 2012. Thus, absent applicable tolling, the instant petition is untimely.

1.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Evans v. Chavis, 546 U.S. 189, 198 (2006). Claims denied as

1 untimely or determined by the federal courts to have been untimely in state court will not satisfy the
2 requirements for statutory tolling. Id. at 199-200.

3       Petitioner filed the first state petition for writ of habeas corpus in the superior court on May 2,
4 2010-214 days after the limitations period began. In his opposition, Petitioner contends he is entitled
5 to tolling during this time period. Petitioner is mistaken. The statute of limitations is not tolled during
6 the interval between the date on which a judgment becomes final and the date on which the petitioner
7 files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d
8 1003, 1006 (9th Cir. 1999). Therefore, at that point, Petitioner had 151 days left to file his federal
9 petition. The superior court denied the petition on July 16, 2010-and 254 days passed before
10 Petitioner filed a petition in the California Court of Appeal on March 27, 2011. Because the
11 unexplained delay of 254 days is clearly unreasonable, Petitioner is not entitled to statutory tolling
12 during this time, and Petitioner exceeded the statute of limitations by 103 days. Although there is no
13 exact time frame set for what is reasonable, in Chavis it was found that an unjustified and unexplained
14 six-month delay would not be reasonable. Id. at 201. The Ninth Circuit has also found that
15 unexplained delays of 101 and 115 days to be unreasonable. See Chaffer v. Prosper, 592 F.3d 1046,
16 1048 (9th Cir. 2010); see also Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (eighty-day
17 gap and ninety-one day gap in filing unreasonable delay).

18       Even though Petitioner filed a petition for writ of habeas in the California Court of Appeal,
19 Sixth Appellate District, prior to filing the petition in the Fifth District, it does not qualify for tolling
20 because it was not properly filed. (Exs. 4 & 6; 28 U.S.C. § 2244(d)(2).) A state petition is properly
21 filed for statutory tolling purposes if "its delivery and acceptance are in compliance with the
22 applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Furthermore,
23 the limitations period is not tolled when a petition is filed in the wrong state court. Id. at 8-9; see also
24 Hood v. Galaza, 47 F.Supp.2d 1144, 1147 (S.D. Cal. 1999). Therefore, the petition filed in the sixth
25 district was not properly filed because Petitioner filed it in the wrong state court. (Exs. 6 & 7.)
26 Indeed, the sixth district's rejection of the petition without prejudice demonstrates that the petition was
27 not properly filed. (Ex. 7; see also Cal. Rules of Ct., rule 8.385(c)(1).) Thus, the filing of the sixth
28 district petition does not entitle Petitioner to statutory tolling.

2.      Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct.2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993).

Petitioner contends he is entitled to equitable tolling because of "transfers and institution lockdowns that prevented [him] from either having access to his legal documents or to the law library needed to facilitate processing said documents."  (Pet. P & A at 2.)  In his opposition, Petitioner contends that he is entitled to equitable tolling from July 23, 2010 to September 26, 2010, because he was without his property due to his transfer to a different facility.  Petitioner also contends that he is entitled to equitable tolling from September 26, 2010 to January 4, 2011, because he was denied access to the law library.  (Pet'r's Opp'n at 5-9.)  Petitioner further contends that if equitable tolling is not available for these time periods, he is entitled to the commencement of a new limitations period based on these circumstances.

Petitioner's allegations fail to demonstrate entitlement to equitable tolling because his allegations do not constitute extraordinary circumstances which made it impossible to file his petition on time.  See e.g., Fail v. Hubbard, 315 F.3d 1059, 1061-1062 (9th Cir. 2001); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting argument that lack of access to library materials automatically constitutes extraordinary circumstances).

Limited library access is an ordinary prison limitation that is routinely faced by prisoners in California, and this alone is insufficient to justify entitlement to equitable tolling.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner's four month stay in administrative segregation with limited access to the law library and a copier did not justify equitable tolling because "[o]rdinary prison limitations on [one's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file a petition in a timely manner.").  In fact, Petitioner submits only two requests for use of the

library, dated September 10, 2010 and September 27, 2010. Petitioner does not indicate any further attempts to use the library. (Pet'r's Opp'n, Ex. 8.) The former request was denied because Petitioner failed to attach supporting documentation, and the latter request was denied because of an expired deadline. (Id.) In this instance, Petitioner has failed to demonstrate how the alleged restriction on the library access was the but-for cause of his untimeliness, or that he exercised sufficient diligence, particularly given he submits only documentation of two requests during a one week period of time. Accordingly, Petitioner is not entitled to equitable tolling.

      Furthermore, a prison transfer, like limited library access, is not an extraordinary incident of prison life. Ramirez v. Yates, 571 F.3d 993 (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library). Beyond Petitioner's mere allegation that he was without his property for sixty-five days due to a prison transfer, he does not support the contention that it was an actual cause of his failure to file a timely petition. Indeed, Petitioner acknowledges the he received his property on September 26, 2010. (Pet'r's Opp'n at 5-6.) In any event, Petitioner was untimely by 129 days, and the benefit of equitable tolling for sixty-five days is insignificant. In addition, any claim by Petitioner that he was unaware of the law and requirements for when and where to file a particular petition, does not entitle him to equitable tolling. See e.g., Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1112-1113 (9th Cir. 2009) (confusion by petitioner over AEDPA does not justify equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Coleman v. Johnson, 184 F.3d 398, 402-403 (5th Cir. 1999) (petitioner's error in mailing § 2254 petition to state court and ignorance of mistake insufficient to justify equitable tolling). Accordingly, Petitioner is not entitled to equitable tolling and the petition is untimely.

      For these same reasons, Petitioner's claim for a later commencement of the limitations fails because there is no showing the state created an impediment to seeking federal habeas corpus review which violated the United States Constitution or other federal law that actually prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B); see also Shannon v. Newland, 410 F.3d 1083, 1087 (9th Cir. 2005) ("[t]he limited case law applying § 2244(d)(1)(B) has dealt almost entirely

7

with the conduct of state prison officials who interfere with inmates' ability to prepare and file habeas petitions by denying access to legal materials.").

Because the undersigned finds that the petition is time-barred, the court need not determine Respondent's alternative argument that the petition is moot and fails to state a federal claim for relief.

### III.
### RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition be GRANTED; and
2. The instant petition for writ of habeas corpus be DISMISSED with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **May 31, 2013**

UNITED STATES MAGISTRATE JUDGE